1  Gary E. Schnitzer, Esq.
   Nevada Bar No. 395
2  Melanie D. Morgan, Esq.
   Nevada Bar No. 8215
3  Kravitz, Schnitzer, Sloane & Johnson, Chtd.
   8985 Eastern Avenue, Suite 200
4  Las Vegas, Nevada 89123
   Direct:  702 222-4142
5  Office:  702 362-6666
   Fax:     702 362-2203
6  Email:  gschnitzer@kssattorneys.com
            mmorgan@kssattorneys.com
7  **Attorneys for Litton Loan Servicing LP**
8

9              **IN THE UNITED STATES DISTRICT COURT**
                      **DISTRICT OF NEVADA**
10                 **(NORTHERN DIVISION - RENO)**

11 MERLY CS RIGER,

12                 Plaintiff,                    Case No. _____

13 vs.

14 FIRST HORIZON HOME LOAN
   CORPORATION; METLIFE HOME          **NOTICE OF REMOVAL**
15 LOANS, a division of METLIFE BANK,
   N.A.; FIRST AMERICAN TITLE OF
16 NORTHERN NEVADA, QUALITY LOAN
   SERVICE CORP.; FIRST NATIONAL
17 BANK OF NEVADA, N.A; LITTON
   LOAN SERVICING LP; WESTERN
18 TITLE COMPANY, INC.; HOMETOWN
   MORTGAGE, LLC; U.S. BANK, N.A.;
19 CHICAGO TITLE AGENCY OF
   NEVADA, d/b/a UNITED TITLE OF
20 NEVADA; NATIONAL DEFAULT
   SERVICING CORPORATION; and
21 MORTGAGE ELECTRONIC
   REGISTRATION SYSTEMS, INC.,
22

23                 Defendants.

24        **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 defendant

25 Litton Loan Servicing LP ("Litton"), by its undersigned attorneys, hereby removes this action

26 from the Second Judicial District Court of the State of Nevada in and for the County of Washoe

27 ("State Court") to the United States District Court for the District of Nevada.  In support thereof,

28

Litton states as follows:

1.    Litton exercises its rights under the provisions of 28 U.S.C. §§ 1332, 1441 and 1446 to remove this case from the State Court, where it is now pending under the name and style *Merly CS Riger v. First Horizon Home Loan Corporation; MetLife Home Loans, a division of MetLife Bank, N.A.; First American Title of Northern Nevada, Quality Loan Service Corp.; First National Bank of Nevada, N.A; Litton Loan Servicing LP; Western Title Company, Inc.; Hometown Mortgage, LLC; U.S. Bank, N.A.; Chicago Title Agency of Nevada, d/b/a United Title of Nevada; National Default Servicing Corporation; and; Mortgage Electronic Registration System, Inc.*, Civil Action No. CV10-931 ("State Court Action").

2.    28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3.    This is a civil action that was instituted in the State Court, and has not been tried. Plaintiff Merly CS Riger ("plaintiff" or "Riger") filed her First Amended Complaint ("Complaint") against Defendants on or about April 5, 2010.[1]  A true and correct copy of the Complaint, with attached Exhibits 1A through 1D, filed in the State Court is attached hereto as Exhibit A.

4.    Litton first received the initial pleading setting forth the claims for relief upon which this action is based and the summons to respond thereto on or about April 14, 2010.  A true and correct copy of the Summons received by Litton is attached hereto as Exhibit B.

5.    As more fully set forth below, this case is properly removed to this Court because, among other reasons, this Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332(a) insofar as: (a) this is a civil action between citizens of different states; and (b) the amount in controversy exceeds $75,000.

---

[1]    Litton was never served with the original Complaint in this matter.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DIVERSITY JURISDICTION EXISTS PURSUANT TO 28 U.S.C. § 1332(a)**

**There Is Complete Diversity Of Citizenship Between Plaintiff And Defendants**

6.      In determining whether complete diversity exists, the Court considers the citizenship of all "*properly joined*" parties.  28 U.S.C. § 1441(b) (emphasis added).

7.      The Complaint alleges that plaintiff owns and resides at the property located at 1770 Kodiak Circle, Reno, Nevada 89511.  *See, e.g.*, Complaint ¶ 1.  For purposes of diversity of citizenship under 28 U.S.C. § 1332, plaintiff is a citizen of the State of Nevada.

8.      Defendant First Horizon Home Loan Corporation ("First Horizon") is a corporation organized under the laws of the State of Kansas with its principal place of business in the State of Texas.  *See* Complaint ¶ 2 (identifying First Horizon as a "foreign corporation").  A "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  For purposes of diversity of citizenship under 28 U.S.C. § 1332, First Horizon is a citizen of a state other than the State of Nevada.

9.      Defendant MetLife Home Loans ("MetLife Home") is alleged to be a division of MetLife Bank, N.A. ("MetLife Bank").  *See* Complaint ¶ 3.  For purposes of diversity jurisdiction, "[a] division of a corporation does not possess the formal separateness upon which the general rule [for subsidiaries] is based, and thus [a division] is not an independent entity for jurisdictional purposes." *Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) (affirming denial of motion to remand).  MetLife Bank is a national banking association.  National banking associations are deemed "citizens of the States in which they are respectively located." *See* 28 U.S.C. § 1348.  The United States Supreme Court has held that this language means that a national banking association is a citizen of the State in which its main office, as set forth in its articles of association, is located. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).  MetLife Bank's main office is located in the State of New Jersey.  Thus, for purposes of diversity of citizenship under 28 U.S.C. § 1332, MetLife Bank and its unincorporated division, MetLife Home, are citizens of a state other than the State of Nevada.

1    10.    Defendant Quality Loan Service Corporation ("Quality Loan") is a corporation

2    organized under the laws of the State of California with its principal place of business in the State

3    of California.  *See* Complaint ¶ 5 (identifying Quality Loan as a "foreign corporation").  For

4    purposes of diversity of citizenship under 28 U.S.C. § 1332, Quality Loan is a citizen of a state

5    other than the State of Nevada.  *See* 28 U.S.C. § 1332(c)(1).

6    11.    Defendant Litton is a Delaware limited partnership with its principal place of

7    business in Houston, Texas.  *See* Complaint ¶ 7 (identifying Litton as a "foreign corporation").

8    For purposes of diversity of citizenship under 28 U.S.C. § 1332, the citizenship of an

9    unincorporated entity, such as a limited partnership, is determined by the citizenship of each of its

10   partners.  *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990) (holding that, for the purpose of

11   diversity jurisdiction, the citizenship of a limited partnership is determined by the citizenship of

12   each of the partners); *see also Provident Energy Assoc. of Mont. v. Bullington*, 77 Fed. App'x

13   427, 428-29 (9th Cir. 2003).  None of the partners of Litton, either limited or general, is

14   incorporated in, has a principal place of business in or is domiciled in the State of Nevada, and

15   each is a citizen of a state other than the State of Nevada.  For purposes of diversity of citizenship

16   under 28 U.S.C. § 1332, Litton is a citizen of a state other than the State of Nevada.

17   12.    Defendant U.S. Bank, N.A. ("U.S. Bank") is a national banking association.

18   National banking associations are deemed "citizens of the States in which they are respectively

19   located."  *See* 28 U.S.C. § 1348.  The United States Supreme Court has held that this language

20   means that a national banking association is a citizen of the State in which its main office, as set

21   forth in its articles of association, is located.  *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307

22   (2006).  U.S. Bank's main office is located in the State of Minnesota.  Thus, for purposes of

23   diversity of citizenship under 28 U.S.C. § 1332, U.S. Bank is a citizen of a state other than the

24   State of Nevada.

25   13.    Defendant National Default Servicing Corporation ("National Default") is a

26   corporation organized under the laws of the State of Arizona with its principal place of business

27   in the State of Arizona.  *See* Complaint ¶ 13 (identifying National Default as a "foreign

28

1   corporation"). For purposes of diversity of citizenship under 28 U.S.C. § 1332, National Default

2   is a citizen of a state other than the State of Nevada. *See* 28 U.S.C. § 1332(c)(1).

3          14.    As alleged, defendant Hometown Mortgage, LLC ("Hometown Mortgage") is a

4   foreign limited liability company licensed under the laws of the State of Delaware. *See*

5   Complaint ¶ 10 (identifying Hometown Mortgage as a "foreign limited liability company").

6   Thus, for purposes of diversity of citizenship, Hometown Mortgage is a citizen of a state other

7   than the State of Nevada.

8          15.    Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a

9   corporation organized under the laws of the State of Delaware, with its principal place of business

10   in the Commonwealth of Virginia. *See* Complaint ¶ 14 (identifying MERS as a "foreign

11   corporation"). For purposes of diversity of citizenship under 28 U.S.C. § 1332, MERS is a citizen

12   of a state other than the State of Nevada. *See* 28 U.S.C. § 1332(c)(1).

13          16.    According to the Nevada Secretary of State's Office, as of the date of this Notice

14   of Removal[2], there is no entity named First National Bank of Nevada, N.A. ("First National Bank

15   of Nevada") that is registered to do business in the State of Nevada. The website of the Federal

16   Deposit Insurance Corporation ("FDIC") further confirms that on July 25, 2008, the Office of the

17   Comptroller of the Currency ("OCC") closed First National Bank of Nevada. Subsequently, the

18   FDIC was named as the Receiver of First National Bank of Nevada. Thus, as of the date of the

19   filing of the Complaint, and as of the date of this Notice of Removal, First National Bank of

20   Nevada is *not* a legal entity organized under the laws of the State of Nevada, and it does not have

21   a principal place of business in Nevada. Thus, for purposes of diversity of citizenship under 28

22   U.S.C. § 1332, to the extent it is a citizen of any state, First National Bank of Nevada is a citizen

23   of a state other than the State of Nevada. *See* 28 U.S.C. § 1332(c)(1).

24          17.    The respective citizenships of defendants First American Title of Northern Nevada

25   ("First American Title"), Western Title Company, Inc. ("Western Title") and Chicago Title

26

27   [2]    It is well-settled that diversity of citizenship is determined at the time of the complaint and
as of the date of removal. *E.g. Strotek Corp. v. Air Transport Assoc. of Am.*, 300 F.3d 1129, 1131

28   (9th Cir. 2002).

1    Agency of Nevada, d/b/a United Title of Nevada ("Chicago Title") (First American Title,

2    Western Title, and Chicago Title are collectively referred to as the "trustee defendants") are

3    irrelevant for determining diversity jurisdiction because each of these entities has been

4    fraudulently joined.  As noted above, in determining whether complete diversity exists, the Court

5    only considers the citizenship of "*properly joined*" parties.  *See* 28 U.S.C. § 1441(b) (emphasis

6    added).  Thus, a non-diverse party that is fraudulently joined will not defeat removal on grounds

7    of diversity jurisdiction.  *E.g. Silon v. Am. Home Assurance Co.*, No. 2:08-cv-1798-RCJ-LRL,

8    2009 WL 1090700, at *4 (D. Nev. April 21, 2009) (finding fraudulent joinder where complaint

9    failed to state claim against non-diverse defendant); *see also Ritchey v. Upjohn Drug Co.*, 139

10   F.3d 1313, 1318-19 (9th Cir. 1998) (same).  A defendant is fraudulently joined where, as in this

11   case, the Complaint "fails to state a cause of action against a resident defendant." *See Richey*,

12   139 F.3d at 1318; *see also McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987);

13   *White v. Miss. Valley Title Ins.*, No. 3:06cv512-DPJ-JCS, 2007 WL 3020184, at *2 (S.D. Miss.

14   2007) (noting with approval that defendant properly "removed the matter to [federal] Court,

15   claiming [the] non-diverse [title company was] improperly joined in the matter and, therefore,

16   federal diversity jurisdiction was proper under 28 U.S.C. § 1332").

17           18.     The Court may conclude that that the trustee defendants have been fraudulently

18   joined for three reasons:

19                  (a)     First, the Complaint is completely silent as to any alleged wrongdoing on

20   the part of the trustee defendants, except for the unsupported allegations that the trustee

21   defendants: (i) did not fund plaintiff's loans, Complaint ¶ 20; (ii) "knew that the 'lenders' were

22   not the true lenders," Complaint ¶ 49; and (iii) conspired to commit wrongful foreclosure,

23   Complaint ¶ 60.  Yet, these bare-bones allegations on their own are insufficient to satisfy the

24   pleading standard under Rule 8(a) and 9(b), as recently clarified by the United States Supreme

25   Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct.

26   1937, 1953 (May 18, 2009).  Moreover, plaintiff cannot state a claim against the trustee

27   defendants – as they attempt to do here – by asserting allegations that merely lump together all of

28

1   the defendants without distinguishing between their alleged conduct. *E.g.*, *Gauvin v. Trombatore*,

2   682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (lumping together multiple defendants in one broad

3   allegation fails to satisfy notice requirement of Fed. R. Civ. P. 8(a)(2)); *In re Sagent Tech., Inc.*,

4   278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) (holding that complaint which lumped together

5   thirteen different defendants "fails to give 'fair notice' of the" plaintiffs' claim under Rule 8(a));

6   *see also Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (dismissing fraud claim

7   where Complaint fails to differentiate between various defendants).  Just because the trustee

8   defendants may have acted as the closing agents on plaintiff's various mortgage loans, *see*

9   Complaint ¶¶ 4, 8, 12, does not mean they can be held liable for the alleged wrongdoing of the

10  loan originators and others.  The Complaint's vague and unsupported allegations against the

11  trustee defendants fail to state any cognizable claim for relief against those entities.  Accordingly,

12  the Court may conclude that the trustee defendants have been fraudulently joined for the purpose

13  of defeating diversity, and, should not consider the trustee defendants' citizenship when

14  determining whether there is diversity in this matter.  *See, e.g.*, *Ritchey*, 139 F.3d at 1318-19;

15  *McCabe*, 811 F.2d at 1339; *Silon*, 2009 WL 1090700, at *4; *White*, 2007 WL 3020184, at *2.

16          (b)     Second, to the extent the trustee defendants acted as any respective lenders'

17  agent in preparing closing documents and conducing the closing on the plaintiff's loans, *see*

18  Complaint ¶¶ 4, 8, 12, the Court may find that the trustee defendants have been fraudulently

19  joined.  It is well-settled that an agent cannot be held individually liable as a defendant unless the

20  agent acts for its own personal advantage, and that a court may find fraudulent joinder where the

21  plaintiff sues a non-diverse agent based upon the alleged wrongdoing of the principal.  *See, e.g.*,

22  *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003) (finding fraudulent joinder where

23  non-diverse agent was sued for actions that were allegedly undertaken in the context of the

24  agency relationship with the diverse principal).  Thus, to the extent that the trustee defendants

25  were acting as the agent of a lender in preparing closing documents and conducting the closing on

26  the plaintiff's various loans the trustee defendants have been fraudulently joined and they should

27  be disregarded when determining the existence of diversity jurisdiction.  *See Mercado*, 340 F.3d

28

1    at 826.

2          (c)      Third, the fact that plaintiff's deeds of trust identify the trustee defendants

3    as the original "Trustee" does not preclude a finding of fraudulent joinder.  Complaint ¶¶ 4, 8, 12.

4    As the trustees on plaintiff's deeds of trust, the trustee defendants cannot be called upon to answer

5    for the alleged wrongdoing of the loan originators and others.  It has long been held that "[u]nder

6    an ordinary trust deed the trustee is only a functionary of limited power." *Carpenter v. Title Ins.*

7    *& Trust Co.*, 163 P.2d 73, 76 (Cal. App. 1945).  Indeed, the trustee is not "a trustee in the strict

8    sense of the word" but, rather, "is merely an agent appointed by the parties to exercise the limited

9    powers conferred upon him as such agent." *Pacific States Savings & Loan Co. v. North American*

10   *Bond & Mortg. Co.*, 99 P.2d 355, 356 (Cal. App. 1940).  Nothing in the Complaint suggests that

11   the trustee defendants overstepped their ministerial role as a trustee or that they took part in a far-

12   reaching scheme to defraud plaintiff.  As with the other vague and unsupported allegations in the

13   Complaint, the mere fact that the trustee defendants may be identified as the original trustee on

14   plaintiff's deeds of trust, by itself, is insufficient to state a claim against the trustee defendants.

15          19.     Further, in this case, plaintiff purports to bring suit with respect to four separate

16   loan transactions on four separate properties in Nevada.  *See, e.g.*, Complaint ¶ 1.  To the extent

17   any non-diverse defendant is involved with a mortgage loan other than the one securing the

18   property at 12040 Anthem Drive, Sparks, Nevada (*i.e.* the property for which Litton is the loan

19   servicer (Complaint ¶ 7)), the Court may also conclude that any such non-diverse defendants have

20   been fraudulently joined as to Litton.

21          20.     There is complete diversity of citizenship for purposes of federal jurisdiction under

22   28 U.S.C. § 1332(a) because plaintiff is a citizen of Nevada and each defendant that has been

23   properly joined is a citizen of a state other than Nevada.

24          **The Amount In Controversy Exceeds $75,000, Exclusive Of Interest And Costs**

25          21.     The Complaint alleges, among other things, that plaintiff executed Notes and

26   Deeds of Trust in favor of her respective lenders as follows:

27          (a)      On May 5, 2005 plaintiff and her husband executed a Note in the principal

28

1    amount of $389,536.00, which Note was secured by a Deed of Trust on plaintiff's principal

2    residence located at 1770 Kodiak Circle, Reno, NV 89511;

3           (b)      On April 6, 2006 plaintiff and her husband executed a Note in the principal

4    amount of $455,193.00, which Note was secured by a Deed of Trust on an investment property

5    located at 12040 Anthem Drive, Sparks, NV 89436;

6           (c)      On April 21, 2004 plaintiff and her husband executed a Note in the

7    principal amount of $156,200.00, which Note was secured by a Deed of Trust on an investment

8    property located at 1800 Kirman Avenue Reno, NV 89501; and

9           (d)      On April 21, 2004 plaintiff and her husband executed a Note in the

10   principal amount of $162,450.00, which Note was secured by a Deed of Trust on an investment

11   property located at 1650 Yori Avenue, Reno, NV 89502.

12        22.     Copies of the Deeds of Trust referred to above are attached as Exhibits 1A through

13   1D to the Complaint. *See* Exhibit A hereto.

14        23.     The Complaint purports to assert four separate causes of action based upon, among

15   other things, plaintiff's contention that the identification of MERS as a beneficiary on a Deed of

16   Trust invalidates the security interest and extinguishes the loan. *See, e.g.*, Complaint ¶ 18.

17        24.     For relief, plaintiff requests, among other things: (a) a declaration that her

18   obligation to repay her mortgage loans is discharged, Complaint ¶ 80; (b) reformation of her loan

19   agreements, such that they are rendered "unsecured" and "partially or wholly discharged,"

20   Complaint ¶ 82; and (c) an injunction against "any foreclosure … or … any collection action

21   against plaintiff" Complaint, prayer for relief 6. *See* Complaint (Exhibit A).

22        25.     Regardless of the amount of monetary damages the plaintiff may claim as

23   damages, the amount in controversy requirement is satisfied by plaintiff's request that their loan

24   be discharged and that further foreclosure or any collection activity on her properties be enjoined.

25        26.     It is well-settled that "the value of the matter in controversy is measured not by the

26   monetary judgment which the plaintiff may recover but by the judgment's pecuniary

27   consequences to those involved in the litigation." *Richard C. Young & Co., LTD. v. Leventhal,*

28

1  *D.D.S., M.S.*, 389 F.3d 1, 3 (1st Cir. 2004); *see Hunt v. Wash. State Apple Adver. Comm'n*, 432

2  U.S. 333, 347 (1977) (stating that "[i]n actions seeking declaratory or injunctive relief, it is well

3  established that the amount in controversy [for purposes of diversity jurisdiction] is measured by

4  the value of the object of the litigation"); *Henderson v. Nationstar Mortgage Co., LLC*, No. C07-

5  2039JLR, 2008 WL 302374, at *1 (W.D. Wash., Jan. 31, 2008) (holding "object of this litigation

6  is a loan between Plaintiff and Defendant, secured by a mortgage and a deed of trust, with a sum

7  owed of $349,221.80"); *see also Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir.

8  1973) (where injunctive relief is sought to prevent foreclosure, the amount in controversy is the

9  outstanding balance due and owing on the loan). In this case, the object of plaintiff's suit is,

10  among other things, to obtain: (a) a declaration that her obligation to repay her mortgage loans is

11  discharged, Complaint ¶ 80; (b) reformation of her loan agreements, such that they are rendered

12  "unsecured" and "partially or wholly discharged," Complaint ¶ 82; and (c) an injunction against

13  "any foreclosure … or … any collection action against plaintiff" Complaint, prayer for relief 6.

14  *See* Complaint (Exhibit A). By seeking to discharge her deeds of trust and enjoin any further

15  collection, plaintiff has put the entire principal balance of her loans at issue. As noted above, the

16  total original principal balance of plaintiff's mortgage loans is approximately $1,163,379.00. *See*

17  Complaint (Exhibits 1A through 1D). In addition to outstanding principal, plaintiff seeks to

18  prevent collection of other amounts, such as outstanding interest and escrow items, for which she

19  would be liable under the terms of her loan documents. Thus, the "pecuniary consequences" of

20  the cancellation of plaintiff's notes and deeds of trust far exceeds $75,000.00.[3] *See Richard C.*

21  *Young & Co., LTD.*, 389 F.3d at 3; *see also Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir.

22  2000) (stating that "in cases where a plaintiff seeks to rescind a contract, the contract's entire

23  value, without offset, is the amount in controversy").

24       27.     Thus, the jurisdictional amount in controversy requirement is satisfied because

25  plaintiff seeks an amount in excess of $75,000 exclusive of costs and interest.

26

27  [3]     Indeed, with respect to the plaintiff's loan on 12040 Anthem Drive, Sparks, NV 89436,
there is an outstanding deficiency in excess of $170,000.00. Thus, as to this property alone the
28  amount in controversy requirement is easily satisfied.

28.     Because there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of costs and interests, the Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1332.

**PROCEDURAL COMPLIANCE**

29.     In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after the receipt by Litton of a copy of the Summons and the initial pleading setting forth the claims for relief upon which this removal is based.

30.     Pursuant to 28 U.S.C. §§ 1441, *et seq*., the right exists to remove this case from the State Court to the United States District Court for the District of Nevada.

31.     The United States District Court for the District of Nevada embraces the county in which the State Court Action is now pending, and thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 108.

32.     No previous application has been made for the relief requested herein.

33.     Pursuant to the provisions of 28 U.S.C. § 1446(a), attached hereto is a copy of: (1) the Complaint filed in the State Court (attached as Exhibit A); and (2) the Summons served on Litton (attached as Exhibit B).

34.     Written notice of the filing of this Notice of Removal will be served upon counsel for plaintiff through their attorneys of record, Hager & Hearne, as required by law.

35.     A true and correct copy of this Notice of Removal will be filed with the clerk of the State Court, as required by law, and served upon counsel for plaintiff.

36.     In filing this Notice of Removal, Litton does not waive, and specifically reserves, all defenses, exceptions, rights and motions.

WHEREFORE, defendant Litton Loan Servicing LP hereby removes this case from the State Court to this Court.

1

2

3

Respectfully submitted,

/S/ GARY E. SCHNITZER, ESQ.

Gary Schnitzer, Esq.
Nevada Bar No. 395
Kravitz, Schnitzer, Sloane & Johnson, Chtd.
8985 Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Direct:  702 222-4142
Office:  702 362-6666
Fax:     702 362-2203
Email:  gschnitzer@kssattorneys.com

Of Counsel:
R. Bruce Allensworth
Brian M. Forbes
Gregory N. Blase
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel. (617) 261-3100
Email:  bruce.allensworth@klgates.com
          brian.m.forbes@klgates.com
          gregory.blase@klgates.com
**Attorneys for Litton Loan Servicing LP**

Dated: April 21, 2010

## CERTIFICATE OF SERVICE

        Pursuant to Local Rule 5-1**,** I hereby certify that on April 21, 2010, I electronically transmitted the above **Notice of Removal** to the Office of the Clerk of the United States District Court for the District of Nevada using the Court's CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record in this matter; all counsel being registered to receive Electronic Filing.

/S/ MARSHA WEIDNER FOR

Gary Schnitzer