# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| MERLY CS RIGER, | ) | |
| Plaintiff, | ) | |
| | ) | 3:10-cv-00233-RCJ-VPC |
| vs. | ) | |
| LITTON LOAN SERVICING, LP et al., | ) | **ORDER** |
| Defendants. | ) | |

This is a standard foreclosure case involving two properties, which are likely investment properties, as they were purchased on the same day. The First Amended Complaint ("FAC"), filed in state court, is a MERS-conspiracy type complaint listing four causes of action. The case is part of Case No. 2:09-md-02119-JAT in the District of Arizona, and Judge Teilborg has remanded those parts of the third and fourth claims that do not involve MERS. The wrongful foreclosure claim remains with Judge Teilborg. Five motions to dismiss are pending before the Court. For the reasons given herein, the Court grants the motions.

**I.     THE PROPERTY**

James R. Riger, Sr. and Merly CS Riger gave lender Hometown Mortgage, LLC ("Hometown") promissory notes for $156,200 and $162,450 to purchase properties at 1800 Kirman Ave., Reno, NV 89501 and 1650 Yori Ave., Reno, NV 89502, respectively. (*See* Kirman Deed of Trust ("DOT") 1–3, Apr. 20, 2004, ECF No. 71-1; Yori DOT 1–3, Apr. 20. 2004, ECF

No. 71-2). United Title of Nevada ("United") was the trustee on both DOTs. (*See* Kirman DOT 2; Yori DOT 2). MERS assigned the Kirman Note and DOT to U.S. Bank, N.A. on December 9, 2009 and the Yori Note and DOT to U.S. Bank on December 4, 2009. (*See* Kirman Assignment, Dec. 9, 2009, ECF No. 71-5; Yori Assignment, Dec. 4, 2009, ECF No. 71-8). U.S. Bank then substituted National Default Servicing Corp. ("NDSC") as trustee on both properties on March 17, 2010. (*See* Kirman Substitution, Mar. 17, 2010, ECF No. 71-6; Yori Substitution, Mar. 17, 2010, ECF No. 71-9). NDSC filed notices of default ("NOD") on both properties because Plaintiffs had defaulted in amounts of $7361.10 on the Kirman Property and $8066.62 on the Yori Property as of November 16, 2009. (*See* Kirman Notice of Default ("NOD") 1-2, Nov. 16, 2009, ECF No. 71-3; Yori NOD 1–2, Nov. 16, 2009, ECF No. 71-4). NDSC noticed trustee's sales for April 14, 2010 on the Kirman Property and for April 15, 2010 on the Yori Property. (*See* Kirman Notice of Trustee's Sale ("NOS") 1–2, Mar. 22, 2010, ECF No. 71-7; Yori NOS 1–2, Mar. 23, 2010, ECF No. 71-10). One property appears to have been sold, but a state court rescinded the sale, and NDSC then re-noticed the sales. It is not entirely clear whether the properties have been sold.

## II.   ANALYSIS

The wrongful foreclosure claim remains with Judge Teilborg. The remanded claims are those for unjust enrichment and various measures of relief. First, the unjust enrichment claim will be dismissed because it is undisputed that the relationship between the parties is governed by express, written contracts. *LeasePartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997). Second, the claim for various measures of relief will be dismissed insofar as it has been remanded, because the only remanded claim that could support those measures of relief has be dismissed.

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 68, 69, 70, 72, 75) are GRANTED.  Because the claims remain with Judge Teilborg, the Court makes no ruling on the wrongful foreclosure claim or the injunctive and declaratory relief claims insofar as those claims relate to the wrongful foreclosure claim. *See* Nev. Rev. Stat. § 107.080 (procedurally improper foreclosure); *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2 610, 623 (Nev. 1983) (foreclosure absent default).

IT IS FURTHER ORDERED that all other pending motions are DENIED as moot.

IT IS SO ORDERED.

Dated:  This 8th day of September, 2011.

_____
ROBERT C. JONES
United States District Judge